18-1777, Sheila Ryan, representing the City of Chicago. With the lawyers who are going to argue this case, please approach the bench and introduce yourselves to the court. Good morning. David Ruskin on behalf of Sheila Ryan. Good morning, Your Honors. My name is Stephen Collins. I represent the City of Chicago. For the appellate, how much time do you need for rebuttal? Are you going to give a rebuttal argument? Absolutely. How much time would you need? Three minutes. Okay. All right. Let's proceed. Yeah. May it please the Court, my name is David Ruskin. I represent Sheila Ryan, who is the plaintiff in the underlying circuit court matter, in which she raised a number of requests for relief, but relevant for today, she sought a mandamus against the City of Chicago seeking to compel the city to enforce its zoning ordinance, the City of Chicago zoning ordinance. Let me ask you a question about that. You have another action pending in which you're contesting the zoning ordinance, are you not? You're contesting the process of giving the variance. Correct. Administrative review of the Zoning Board of Appeals granting of the variance. Okay. And wouldn't another action be kind of premature until that's decided? Meaning this action is premature? Yes. Well, it can be. I'm not sure we're at that point. When you say can be, I mean isn't it? Isn't it premature because you are already contesting what happened here by giving the variance in the setback line? Right. So there's one factor that causes me to say no, it's not premature, is that the allegations in the complaint are that even aside from the variance, so the variance that was granted that we're challenging was two-tenths of a foot. That was the variance that was granted. Our allegations state that the violation of the setback is more than that. So even if the variance stands, there's still a violation of this provision of the zoning ordinance. So that's why I say it's not premature. Would it be helpful? It's an issue of directness. Sure. And I would love to see a response, or I'm sorry, a final ruling to the administrative review of the Zoning Board's variance. Before, I would prefer that, but I don't think it's necessary. Well, do you agree that under the traditional mandamus analysis that you're never entitled to mandamus when you're seeking an otherwise discretionary act? No. No? I don't agree with that. And why not? Well, because I think there's a distinction between compelling the exercise of discretion through mandamus, which is allowed. What case would you cite that says that the general rule is that courts can order mandamus for discretionary acts? Well, so we have cited in our brief to Your Honors, there are two Illinois Supreme Court decisions, and those are both relied upon in a third district appellate court decision, which is People v. Hogan v. Howard. And essentially in all of those decisions, mandamus is allowed to compel the exercise of discretion, but not the means of the exercise, which is really exactly what we have here. What the circuit court said, and the reason that she dismissed this case with prejudice, is that because the word may appears in the section of the zoning ordinance that deals with the means of enforcement, that she has to dismiss the entire. Okay. Well, then explain to me what the Supreme Court meant in this Cochran case. If the officer has a discretion, if the officer has a discretion, mandamus will not issue to control his action. To control his action, I think is the key there. Yeah. So mandamus can issue, and the court does go on to say that, may be issued to compel the exercise of discretion, and that's what we're asking for in this case. We want the mandamus to order the city to enforce its ordinances, not necessarily the means of. Well, what does the ordinance that you're actually looking at say? What's the language in the ordinance that you think warrants the mandamus? Well, I would start with the section, the full section, 17-16-200, which is in our appendix A-20. That 200 is violation, so all buildings and land used and all buildings and structures erected must comply with all applicable provisions of this zoning ordinance. Failure to comply with applicable provisions constitutes a violation of this zoning ordinance. So that is the violation that we have alleged in the complaint, and our position is that the City of Chicago is obligated to enforce that violation. Now, the circuit court judge looked at 17-16-501, which is on appendix A-21, and took the term may, that 501 states, the city may use any lawful remedy or enforcement powers expressly, including those described in this section. And that's accurate. The city may. It may use any one or all of those enforcement and remedy powers. But the may doesn't encompass the broader compelling enforcement. That's why I say there's a distinction between compelling the exercise of discretion and actually the means of the exercise. And was the other part, the other action, has that been stayed? The administrative review? Yeah. No. What's going on with that is in that you're actually challenging the denial of the relief that was sought for the zoning, right? We are challenging the granting of the relief at the Zoning Board of Appeals. Right. And it was an administrative action, and you appealed to the circuit court. Correct. And you're seeking the overturning of that granting of the relief. Correct. And what's going on with that right now? It is set for oral argument before the circuit court judge. It's fully briefed either in October or November. I don't remember. It's coming up. And nothing in this, you would agree, nothing in this action in any way prohibits the court from granting relief, does it? I'm sorry. If you win in the circuit court, then the administrative action will be making, correct? Correct. The decision, and then you prevail. Correct. So nothing that we do here today, sort of along the lines of what the Justice Board said, really prevents you in any way from succeeding in the circuit court. Well, it doesn't prevent us from succeeding in the administrative review of the Zoning Board of Appeals. That's really a separate issue. What's the difference, though? The relief is the same. It's not the same because the Zoning Board of Appeals granted a variance of two-tenths of a foot. We don't think that was correct for reasons that we don't get into in this appeal. But irrespective of the decision there, this case can continue, and we can get relief, at least based on what we've alleged. We're at the pleading stage still. All right. So the traditional elements of mandamus are that there's a clear affirmative right to relief. Correct. There's a clear duty of the public official to act. Correct. And a clear authority in the public official to comply with the written. Correct. Now, your opponent's going to say that you fail on all three grounds. In other words, the Zoning Board has the right to review decisions, correct? Correct. And in this case, they reviewed the decision and approved it, correct? Actually, they reversed it. The Zoning Administrator denied the… Okay. But the point is, so where is your affirmative, clear affirmative right to relief? Well, in our complaint, and I can direct you to it, but there are allegations that there was a violation of the two-foot setback, which is in the Zoning Ordinance. But does the Zoning Board really have the power or not to be able to allow a variance? The Zoning Board of Appeals does have the power to uphold or not. The Zoning Administrator's decision is that. Does the Zoning Administrator have the power or not? Sure. Okay. So then where is your clear affirmative right to relief? In our allegations, we allege that there is a violation of the section that we just reviewed, 1716-200, specifically 202 as well. Is that the setback amount? Yes. All right. So what you're saying is there is absolutely no right then ever for anyone to get a variance. No. I'm not saying that at all. But this relief that we're seeking in the circuit court is slightly different from the variance, and significantly different, though, from the variance that was already granted, which is why I started to say, irrespective of the decision on the administrative review of the variance, this case in the circuit court should still proceed because the violation that's alleged in the complaint that was dismissed is in excess of what the variance allowed. And, in fact, even at the Zoning Board of Appeals hearing where they granted the variance, the defendants in this case asked for leave to amend that request for variance to increase it. They know that it's not sufficient. The variance that they received of two-tenths of a foot is not sufficient, and therefore, to answer your question, we still have a cause of action because the violation is in excess of the variance that was granted. And what about the so then you would argue that the clear duty is there in clear authority? Yes. Okay. Right. And I think where the circuit court misinterpreted the ordinance is really on number two of that, maybe even two and three, I would say, and that's why she dismissed it with prejudice. As I said earlier, I think we're at the pleading stage here. Well, the other action was dismissed with prejudice, too, but based on lack of service, right? The other action? The administrative review? Yes. It was in this court. I know. This is the panel. Right. Okay. Right. Yeah, I mean, that was a procedural issue that isn't related to this issue, but the circuit court judge in this case, if you look at her order, she specifically states and bases her dismissal on the use of the word may in that specific provision 501. She says the zoning ordinance specifically defines the word may as the following. The word may is permissive. As such, the relief that plaintiff seeks is considered discretionary, not ministerial. Therefore, mandamus is inappropriate as a remedy. Well, how are you interpreting may? The may is applied to the means that the city has to enforce. It's not compelling the enforcement. Of course, we submit that, of course, the city has an obligation to enforce its own law, the zoning ordinance. A city of Chicago zoning ordinance. It has an obligation to enforce it. How they enforce it is where the may comes in. May use any lawful remedy. So there's a whole list of remedies in Section 1716, and the city can choose any one of those remedies. There's even a catch-all kind of at the end. We're not asking for a mandamus to compel them to use any particular remedy. We are asking for a mandamus to compel them to enforce their ordinance. And there's a difference. There's a distinction there. Both of those Illinois Supreme Court cases are old. I appreciate that. Yeah, one is, like, 36, I think. Yeah. I was reading from it. What other zoning case or what other case would you say supports this decision? You know, there aren't very many. Well, give us one that involves a similar situation. We cited two, three, the two Illinois Supreme Court cases and then a third district appellate court that relied on those two from earlier. And those are, I think, directly on point with our position that this is not, we're not seeking a mandamus on the means and the manner of how the city should go about enforcing. We are seeking a mandamus on the actual act of enforcing its law. And what case do you think supports this most on point factually? Well, I would start with the People X. Rel. Hogan v. Howarth. Let me ask you this. Do you have a case that supports what you're saying? The cases that you are going to cite do not have the same factual circumstances. Do you have a case that would support what you are trying to do? There is no case that supports a mandamus against the city on this particular issue that the judge based her dismissal on. That's right. And I'm going to add to that. Is there any case in the whole United States of America that would support you in any zoning act in any municipality in the United States of America? That supports our argument? That supports what you're trying to do here? Yes. With the same factual scenario? Not the same factual scenario, but analogous, analogous in the sense that. . . Close to? Yes, very close. What case would that be? So the appellate court case that I just referenced, People X. Rel. Hogan v. Howarth, which is in our brief, is a mandamus. . . 1956? Correct. Appellate court decision? Correct. Okay. Depending on the two prior Illinois Supreme Court decisions. And quoting them, in fact. That's a case in which a mandamus was entered against the city of Springfield, so it's against a municipality. Is that a setback-like case? No, it is not a property case. Not a setback. In fact, do you know any case that says that a municipality can allow a setback variance after the variance has been made? No, and that's part of our argument in the other case, the review of the variance. I understand that. See, when you come in for a variance on a setback, that's usually before you build the house. Not after you build the house. An argument in a different brief. And is there any reason why you didn't bring the homeowners into this case? We did. That's in the other action. It's in this action, different count. Okay. It's not pending, is it? It is. What is that? Which count? I believe it's count one, maybe three. I think it's count one. All right. And then your administrative review action is set for oral argument in October? Correct. Where the homeowner or the builder or both are involved? Correct. Both were applicants. Well, the Justice Court asked you if there was any case anywhere in the United States, and you said there was, involving a variance of a setback. No, not involving a variance of a setback. There isn't, really. Correct. But you do have a remedy already if you are granted your relief, don't you? If the relief is granted in the review of the Zoning Board of Appeals variance, the short answer is yes, but it's not a complete remedy because there are still damages. All right. Well, that really has nothing to do with whether or not mandamus is an extraordinary grant. It lies here. That's really the issue here. Correct. All right. And I would, although I appreciate Your Honor's question about whether or not there's a mandamus case with respect to a setback, I would love it if there was. That would give us even clearer direction. There is not. But we have an ordinance, a zoning ordinance. I don't think there's any dispute that the city itself is obligated, a non-discretionary obligation to enforce that ordinance. That's what we're looking for. If they're not obligated, if it's not mandatory that the city enforce its own ordinance, then the ordinance lacks any meaning. There has to be some ability to correct a violation. One of the things you're sort of saying here is that the officer's discretion here was actually completely against the ordinance itself, right, the amount that a setback could be. Isn't that kind of what you're arguing, that there was no authority, the discretion was whatever, if you want to call it that, it was not performed according to law? It wasn't performed at all, that's right, or according to law. But I also want to be clear again, we are not seeking a mandamus to order how the city proceeds, it's just that the city proceeds, that the city enforces its law. There are a number of ways the city could go about correcting this violation, especially after the fact. It's a little different, it's not the usual way to come in and ask for a variance. The city has the ability to make the corrections, but the mandamus we're seeking is just ordering the city to do something. And so that's the basis, the judge based her dismissal with prejudice on the word may, which again goes to the means, not the act of correcting, the act of enforcing. And there was another basis that we named the incorrect city official. I don't think that's an issue here, we named the city, that's sufficient, so I'm not going to spend time on that. But those are the basis, and we ask that Your Honors reverse the dismissal with prejudice, remand it to the circuit court, and let us proceed with further proceedings. I have just one other question. In all the cases that I have read over the many years that I've been involved with zoning, it appeared to me that a municipality doesn't have to enforce their zoning laws unless it causes injury to someone. What is your injury? We allege injury. Well, I know you allege injury, but what is your injury? Well, first of all, there's access to the property itself, to which there is none on that particular side where the building was in violation of the setback. I mean, the setback is 2 feet, is that right? Right. And how much of it was used? I believe the allegation in the complaint is 1.4. It's now 1.4 feet. So 16 inches? Correct, there. And 16 inches causes damage? Well. To access? How would 16 inches cause damage to access? If there's not access to the windows, to the property itself, potentially there's an emergency. If there's an emergency, there's an inability to access ingress or egress from the property. And do you have an expert opinion to that effect? Well, not yet. We're still at the pleading stage, but we will, certainly will. I want to ask you one last question about one of the statutes that you relied on in your complaint, that being 65 Illinois Compiled Statutes 5-11-13-15, Proceedings to Prevent Violation. Correct. Okay. The very end of that section, it says, except in relation to municipality-owned property, this section does not authorize any suit against the municipality or its officials for any act relating to the administration, enforcement, or implementation of this division or any ordinance, resolution, or other regulation adopted pursuant to this. So explain to me how you have the ability to even plead a cause of action vis-a-vis this particular section that doesn't allow this, unless it is in relation to municipality-owned property. That particular section is, should not be, and is not directed to, it is directed here because it is included in Count 2, but it should not be included in Count 2. That is specifically meant as an allegation as part of the, it is in Count 1 and it should have been removed from Count 1, I'm sorry, from Count 2 with respect to the city. It does not apply to the city. If we're given an opportunity to clean it up, that will be removed. So you agree that part of your pleading is based on a provision that specifically doesn't permit private cause of action against the municipality for this error you're claiming that was made? Well, I agree that it does not apply to the city itself, but I do not agree that it does not apply to the owners. Well, we're not here about the owners today, are we? I know. And that's why I'm explaining that this particular first-amendment complaint does need to be cleaned up a bit in the sense of some of the allegations apply to the owners but not the city and vice versa. Okay. Then why was the trial court, you know, the section that involved May, isn't that in this section? No. In any action or proceeding for purposes mentioned in this section, the court with jurisdiction of such action or proceeding has the power and its discretion to make? That gives the court the power to issue a restraining order. Correct. The May comes into the zoning ordinance itself, Section 501 of the City of Chicago. The other section you relied on, you agree you still rely on that. Correct. But now this other one you're saying is out the window. Only for the owners and the builder. Okay. All right. Thank you. Thank you. Thank you. May it please the Court. The circuit court correctly dismissed Ms. Ryan's mandamus count. To prevail on that claim, Ms. Ryan must show that the city has a ministerial duty in the enforcement of the zoning ordinance. She cannot make that showing because enforcement of the ordinance is discretionary. And indeed, the ordinance expressly provides that the city may use its various enforcement powers, which further shows that enforcement of the ordinance is discretionary. Now, I'd like to briefly address each of the specific enforcement actions that the mandamus count of Ms. Ryan's complaint seeks. Mr. Cousins, let me interrupt. Counsel has suggested that the amount of the variance is not permitted under any circumstances. That's kind of what he's arguing. Is he correct when he says that? No, that's not correct. The availability of a variance, which is available to the neighbors in any zoning matter, shows that strict adherence in every case to the two-foot setback as written is not, in fact, required in every case. But isn't that what he's arguing, that absolutely it's always required and that the administrative officer had no authority to grant this amount of a setback? As I read the complaint, Your Honor, it appears that Ms. Ryan suggests that the city has some duty to enforce this two-foot setback as written and without consideration of the availability of a variance. But that variance, according to your position, is allowed. It is allowed, yes, certainly. But to be sure, the outcome of this case does not depend on whether the variance was correctly issued or not, because to obtain a written mandamus, Ms. Ryan must point to some provision of the zoning ordinance that imposes a ministerial duty on the part of the city to take action. And she cannot make that showing here. Now, with respect to some of the specific enforcement actions that Ms. Ryan's complaint seeks, I'd like to address those specifically. For one, she seeks a writ that would require her neighbor's house to be built in conformance with the two-foot setback, but she can locate no provision of the that particular outcome. Ms. Ryan also seeks a The general requirement is a two-foot setback, is this? It is a two-foot setback, yes. And to be sure, compliance with that provision is mandatory, to be sure. But enforcement of it is discretionary. And since the city has discretion here, that defeats the mandamus claim. But can the city give a variance after the house is built? Well, Your Honor, that is the subject of the ZVA matter that's currently on administrative review. The circuit court will resolve whether that variance was properly issued. Do you have a case that would support that? I'm not aware offhand, Your Honor, of a case where a variance was issued in those circumstances. But again, the ZVA appeal is a separate matter from this one. And in this case, to prevail on her claim for a writ of mandamus, Ms. Ryan must show a ministerial duty on the part of the city to enforce the zoning ordinance. And she can't make that showing. One of the arguments that you did not give is that this isn't right for even a mandamus yet because it's still pending as to the validity of the ordinance. That's correct, Your Honor. We haven't made that particular rightness argument. I'd say a couple of things. One, any question about rightness should cut against Ms. Ryan because that just further shows that she does not have a clear right to relief. But furthermore, again, just to emphasize that regardless of the outcome in the ZVA appeal, the city does not have a nondiscretionary duty to enforce the zoning ordinance or to enforce the ordinance in any of the particular ways that Ms. Ryan seeks here. Now, I'd like to address one other particular form of relief that the complaint seeks, which is the revocation of a permit for her neighbor's house. That claim fails as well because the zoning ordinance provision on permit revocation expressly says that the city may revoke a permit in certain circumstances, and that may language further shows that permit revocation is discretionary as well. So in the absence of any ministerial duty on the part of the city to take enforcement action here, Ms. Ryan's mandamus claim fails as a matter of law, and the circuit court correctly dismissed it. And for these reasons, the judgment of the circuit court should be affirmed. Well, on this issue of rightness, why wouldn't this case be ready to be disposed of? Because there's a specific complaint seeking the right, the risk, rather, I should say, of mandamus. So if you're entitled to it, you're entitled to it. If you're not, you're not. What does that have to do with rightness? I think you're exactly right, Your Honor. This case can be decided right now regardless of where the ZBA case presently stands. Thank you. And for these reasons, the judgment of the circuit court should be affirmed. Thank you. Andrew Butler. Thank you again. And I'll be brief. I only want to address. Why is this a mere ministerial act that you're seeking? You have to show that. Right. Why is it a mere ministerial act? It's enforcement. It's the city's law. Somebody needs to enforce when there's a violation, and we've alleged a violation, then someone needs to enforce it. Well, it's the city. It's ministerial. And, again, enforcement is ministerial. The means of enforcement are not. Does the Act allow a variance from the two feet or not? Does the Act allow a variance? Yes. Municipal ordinance allow a variance. Yes. And that's what they did in this case, didn't they? That's correct. So where is the ministerial act? In our complaint, which is separate from the Zoning Board of Appeals issue that we're seeking review of, in our complaint we allege that there was a violation of the setback by a certain amount. But the setback can be varied, can it not? It can be. And wasn't that what the municipal officer allowed? Not enough. Not enough. And that's why I said, irrespective of the decision in the administrative review, this case can still go forward and should still go forward. And I do want to just point out that counsel's reference to the relief we're seeking, those are all straight out of the zoning ordinance itself, including the request that the city of Chicago take the necessary actions to ensure compliance concerning the zoning ordinance and the building code. So, as I said, there's a catch-all, and that's what we want. We're not asking the circuit court to direct the city to do X, Y, or Z. We are asking that a mandamus be ordered to compel compliance. That's all. Thank you. Thank you very much for giving us a very interesting case, and we'll look forward to your decision shortly.